[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #125
On February 16, 1996, the plaintiffs filed a fourteen count revised complaint against the City of West Haven, Frank Gladwin, Alfred Evangelista and Anthony Finelli, for damages arising out of a fire which caused the deaths of the plaintiffs' decedents. The plaintiffs allege that the City and the individual defendants are responsible for the deaths because the dwelling in which the fire occurred was an illegal two-family home, which failed to have the required zoning, housing, building, fire or electrical approvals and permits, and the defendants had notice of the building's noncompliance or acted in reckless disregard of this fact.
On September 9, 1996 the defendants filed a motion for summary judgment, with attached affidavits of James Hill and Frank Gladwin. On November 13, 1996, the plaintiffs filed a memorandum in opposition to the motion for summary judgment. On December 5, 1997, the defendants filed a supplemental memorandum in support of i the motion for summary judgment, and on February 9, 1998, the I plaintiffs filed a supplemental memorandum in opposition.
As indicated on the face of their motion, the defendants move for summary judgment on the ground that "there is no material issue of fact to be decided by a trier of fact, and [the] plaintiffs fail I to state a claim upon which relief may be granted." Although this I language appears to be a hybrid between a motion for summary judgment and a motion to strike, the defendants nevertheless argue in their memorandum in support of their motion for summary judgment that there is no genuine issue of material fact and they are entitled to judgment as a matter of law pursuant to the governmental and municipal employee immunity provisions of General Statutes §§ 52-557n
(b)(7) and 52-557n (b)(8). Specifically, the defendants contend that no exception to governmental or municipal employee immunity applies under either § 52-557n (b)(7) or § 52-557n(b)(8) since there was no notice to the defendants of any violation of law or of a hazard to health or safety in the dwelling, nor any evidence that the defendants acted in reckless disregard for health or safety. See General Statutes §§ 52-557n (b)(7)-(8). CT Page 8026 Therefore, the defendants claim that they are entitled to summary judgment on counts one through five of the revised complaint.
In addition, the defendants claim that they are entitled to summary judgment on counts six through twelve of the revised complaint, which allege negligence "in the alternative, " on the basis that there are exceptions to the doctrine of immunity only where the plaintiff pleads and proves that the defendants acted recklessly. According to the defendants, since counts six through twelve fail to allege recklessness, they are entitled to summary judgment on those counts.
Finally, the defendants claim that any alleged negligence or recklessness was not the proximate cause of the plaintiffs' decedents' deaths. Therefore, the defendants argue that they are entitled to summary judgment.
In their objection to the motion for summary judgment, the plaintiffs argue, inter alia, (1) that summary judgment is improper j since there exist genuine issues of material fact regarding whether the defendants had notice of alleged violations or hazards or acted recklessly in order to fall within an exception to immunity under General Statutes §§ 52-557n (b)(7) and 52-557n (b)(8); and (2) that it is not necessary for the defendants to be the sole proximate cause of the deaths of the plaintiffs' decedents, only a substantial factor in their deaths, and therefore the defendants are not entitled to summary judgment on this basis.
It is well-settled that municipalities and their employees are immune from liability for the negligent performance of discretionary acts. See Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 166-67, 544 A.2d 1185 (1988); General Statutes § 52 557n. The immunity is, however, limited. For example, municipalities and their employees may be liable for the failure or refusal to issue a permit, license or certificate where such failure or refusal constitutes a reckless disregard for health or safety; General Statutes § 52-557n(b)(7); or for inadequate or negligent inspection of, or failure to inspect, property to I determine whether the property complies with or violates any law or contains a hazard to health or safety, where the municipality had notice of the violation or hazard or which constitutes a reckless disregard for health or safety; General Statutes § 52-557n(b)(7)(8). SeePalm z. Zazzarino, Superior Court, judicial district of New CT Page 8027 Haven at New Haven, Docket No. 291427 (August 31, 1995, Martin, J.)
"The issuance of building permits and certificates of occupancy are governmental functions." Maresca v. City of NewBritain, 9 C.S.C.R. 619. In addition, while an inspection by definition involves a checking or testing of an individual against established standards . . . what constitutes a reasonable, proper or adequate inspection involves the exercise of judgment. Further, no matter how objective the standard, an inspector's decision as to whether a building falls below a standard and whether remedial orders are therefore required involves the exercise of his or her judgment. It is axiomatic that ministerial acts are performed in a prescribed manner without the exercise of judgment." See Evon v. Andrews,211 Conn. 501, 506, 559 A.2d 1131 (1989). Therefore, the defendants' acts are subject to governmental immunity unless the i municipality or its employees had notice of a violation or hazard, or unless the acts constitute a reckless disregard for health or safety. Whether the defendants had notice of a violation of law or a hazard on the property or whether the acts constitute a reckless disregard for health or safety is a question of fact to be determined by the trier of fact.Heussner v. Bloom, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 117944 (February 9, 1994, Nigro, J.). Accordingly, the defendants' motion for summary judgment on counts one through five of the revised complaint is denied.
As to counts six through twelve and the plaintiffs' claims of recklessness regarding inspection or failure to inspect if the political subdivision had notice of a violation of law or a hazard, or if a negligent inspection, such could constitute a reckless disregard for health or safety. See Ford v. City of WestHaven, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 051003 (January 17, 1996, Skolnick, J.) (denying defendants' motion to strike counts six through twelve of plaintiff's compliant on basis of immunity.) As indicated supra, the question of whether the defendants had notice of a violation of law or a hazard on the property or whether the acts constitute a reckless disregard for health or safety is a question of fact to be determined by the trier of fact. Accordingly, the defendants' motion for summary judgment on counts six through twelve is denied.
CT Page 8028
Finally, the defendants' claim for summary judgment based on a lack of proximate cause is denied. First, "[m]ore than one proximate cause may result in any harm suffered. . . . An actual cause that is a substantial factor in the resulting harm is a proximate cause of that harm." (Citations omitted.) Coburn v.Lenox Homes, Inc., 186 Conn. 370, 383, 441 A.2d 620 (1982). "[T]he 'test' of proximate cause is whether the defendant's conduct is a 'substantial factor' in producing the plaintiff's injury." Doe v. Manheimer, 212 Conn. 748, 758, 563 A.2d 6991989). The defendants' argument that "the plaintiffs have alleged no facts that show that [the] defendants were a 'substantial factor' in causing the fire" is inappropriate since the question is whether the defendants conduct was a substantial factor in causing the plaintiffs' injuries.
"The issue of proximate cause is ordinarily a question of fact for the trier. . . . Conclusions of proximate cause are to be drawn by the jury and not by the court. . . . It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact." Issues of proximate cause are "generally ill-suited for summary judgment. " Legenza v. Cubero, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300327 (May 17, 1995, Freedman, J.). Since there exist genuine issues of material fact regarding whether the defendants had notice of a violation of law or a hazard, or acted recklessly, the defendants' motion for summary judgment based on a lack of proximate cause is denied.
George W. Ripley Judge Trial Referee